# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>FAMBROUGH, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-00573-DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFENDANT **JOSE GONZALES** SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE<br><br>(Doc. 16) |

Plaintiff Thornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed March 30, 2009. (Doc. 1.) On November 13, 2009, the Court issued an order directing the United States Marshal to initiate service of process on ten defendants. (Doc. 13.) The Marshal was unable to locate and serve Defendant Jose Gonzales and on February 4, 2010, the Marshal returned the USM-285 form to the Court. (Doc. 16.)

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro

se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by Plaintiff for Defendant Jose Gonzales is no longer accurate or is insufficient, as Defendant Jose Gonzales is not employed at the facility, Kern Valley State Prison, or there are too many Joses in the CDCR database. (Doc. 16.) . If Plaintiff is unable to provide the Marshal with a current address at which Defendant Jose Gonzales can be located, the defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Jose Gonzales should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Jose Gonzales should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in dismissal of Defendant Jose Gonzales from this action.

IT IS SO ORDERED.

Dated:   **April 5, 2010**                    /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE