# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>          Plaintiff,<br><br>   v.<br><br>FAMBROUGH, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00573-DLB PC<br><br>ORDER DISMISSING DEFENDANTS FELIX VASQUEZ, C. HAY, JOSE GONZALES AND JOE GARCIA FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL<br><br>(Docs. 22, 23, 24, 27) |

Plaintiff is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 5 and April 21, 2010, the Court issued an order requiring Plaintiff to furnish information sufficient to effect service on Defendants Felix Vasquez, C. Hay, Jose Gonzales, and Joe Garcia. (Docs. 22, 23, 24, 27.) Plaintiff has failed to show cause or otherwise respond to the Court's order.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action

1

dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

In this instance, Plaintiff failed to respond to the Court's order requiring Plaintiff to furnish further information for the United States Marshal to effect service of process. Accordingly, the Court HEREBY ORDERS that pursuant to Federal Rule of Civil Procedure 4(m), Defendants Felix Vasquez, C. Hay, Jose Gonzales, and Joe Garcia are DISMISSED from this action, without prejudice, based on Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint.

IT IS SO ORDERED.

Dated:   June 21, 2010                         /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE

2