# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAWAYNE FAMBROUGH, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-00573-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>(DOCS. 38, 39) |

Plaintiff Thornell Brown ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Jawayne Fambrough, Jackson Copeland, V. Yates, Stephaine Amoako, Jerome Peacock, and John Whitehead.

Pending before the Court are Plaintiff's motions to compel, filed December 28, 2010. Docs. 38, 39. Defendants filed their opposition on January 10, 2011. Doc. 40. The matter is submitted pursuant to Local Rule 230(l).

**I.    Motion To Compel - Admissions (Doc. 38)**

The purpose of a request for admission is to eliminate issues that are not in dispute between the parties. *Asea, Inc. v. Southern Pacific Transport Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Thus, requests for admissions are not primarily discovery devices and should not be used as a substitute for other discovery processes to uncover evidence. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

1

Plaintiffs moves to compel further response to Plaintiff's Requests For Admission Nos. 2, 3, and 4 from Defendant Fambrough and Requests For Admission Nos. 1, 2, and 4 from Defendant Whitehead.

### A. Defendant Fambrough

Admission No. 2: Admit that Exhibit D1 and D2 to the complaint are statements made by Inmate Youngblood and Trammel to plaintiff's investigator, Arnie Rios in Case (People v. Brown, No. DF008537A), alleging you used excessive force on them, while they were incarcerated at Kern Valley State Prison, secured in handcuffs.

Response: Responding party objects to this request on the grounds it lacks foundation and calls for speculation. Without waiving any objection, responding party lacks sufficient knowledge, information, or belief to admit or deny this request because he was not present when the alleged statements in Exhibits D1 and D2 were made.

Plaintiff does not explain how Defendant Fambrough's response was inadequate. Defendant Fambrough contends that he was not present when inmates Youngblood and Trammel made their statements to the investigator, and thus did not have sufficient knowledge to admit or deny that the statements were made.[1] The Court finds this response sufficient. Defendant Fambrough may only admit or deny when he has sufficient knowledge. As he was not present when either inmate made their statements to the investigator, Defendant may properly respond by stating that he has insufficient knowledge to admit or deny. *See* Fed. R. Civ. P. 36(a)(4) (answering party may assert lack of knowledge or information as a reason for failing to admit or deny).[2] Plaintiff's motion to compel further response from Defendant Fambrough to Request for Admission No. 2 is denied.

Admission No. 3: Admit that Inmate Youngblood, F13392 and Trammel T59175 filed 602 appeal complaints against you for excessive force and unreasonable force, while they were incarcerated at Kern Valley State Prison, according to the

---

[1] Exhibits D1 and D2 of Plaintiff's complaint are letters from an investigator for the Public Defender's office of Kern County, which concern interviews with inmates Youngblood and Trammel, respectively, concerning alleged excessive force by Defendant Fambrough in January 2007.

[2] The rule also generally requires that a party state that it has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4). Here, there is no statement of reasonable inquiry. However, the reasons given by Defendant Fambrough indicate that reasonable inquiry would be moot. Defendant Fambrough was not present when inmates Youngblood and Trammel made their statements to the investigator, and thus he would not have knowledge as to whether they made such statements.

|   |   |   |
|---|---|---|
| 1 | | documents marked as Exhibits D1 and D2 to the complaint. |
| 2 | Response: | Responding party objects to this request on the grounds it lacks foundation and calls for speculation. Without waiving any objection, responding party admits that inmates Youngblood and Trammel filed inmate grievances against me for alleged excessive or unreasonable force, and responding party lacks sufficient knowledge, information, or belief to admit or deny the remainder of this request because he was not present when the alleged statements in Exhibits D1 and D2 were made. |

Plaintiff does not explain how Defendant Fambrough's response is inadequate. Defendant Fambrough admits that inmates Youngblood and Trammel filed inmate grievances against him for alleged excessive or unreasonable force. Defendant Fambrough does not have sufficient information to admit or deny regarding the statements made in Exhibits D1 and D2. Accordingly, Plaintiff's motion to compel further response from Defendant Fambrough to Request for Admission No. 3 is denied.

Admission No. 4: Admit that Inmate Youngblood and Trammel allegations against you were sustained by Sacramento third level of Appeal review, according to the documents marked as Exhibits D1 and D2 to the complaint.

Response: Responding party objects to this request on the grounds it is vague, lacks foundation, and calls for speculation. Without waiving any objection, responding party lacks sufficient knowledge, information, or belief to admit or deny this request because he was not present when the alleged statements in Exhibits D1 and D2 were made and he does not recall being informed of the third-level response to the inmates's appeals.

Plaintiff does not explain how Defendant Fambrough's response is inadequate. Accordingly, Plaintiff's motion to compel further response from Defendant Fambrough to Request for Admission No. 4 is denied.

**B.     Defendant Whitehead**

Admission No. 1: Admit that you was standing in the program entrance door area, when the altercation between plaintiff, Fambrough, Garcia, Copeland and Vasquez occurred on August 23, 2006.

Response: Responding party objects to this request on the grounds it is vague as to the meaning of "when the altercation . . . occurred" and lacks foundation. Without waiving any objection, after a reasonable inquiry and review of the Crime/Incident Report (CDCR 837) concerning the incident of August 23, 2006, responding party lacks sufficient knowledge, information, or belief to admit or deny this request.

Admission No. 2: Admit that you were present when the altercation between plaintiff, Fambrough, Garcia, Copeland and Vazquez occurred on August 23, 2006.

3

| | | |
|---|---|---|
| Response: | Responding party objects to this request on the grounds it is vague as to the meaning of "present when the altercation" and lacks foundation. Without waiving any objection, after a reasonable inquiry and review of the Crime/Incident Report (CDCR 837) concerning the incident of August 23, 2006, responding party lacks sufficient knowledge, information, or belief to admit or deny this request. | |
| Admission No. 4: | Admit that on August 23, 2006, during or after your use-of-force interview with plaintiff, you never interviewed or questioned plaintiff's requested Inmate witnesses: Broussard, C78707, Chambliss, V94319, Slade, E04858 and Whitney, J64958. | |
| Response: | Responding party objects to this request on the grounds it is overbroad, lacks foundation, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, after a reasonable inquiry and review of the Crime/Incident Report (CDCR 837) concerning the incident of August 23, 2006, responding party lacks sufficient knowledge, information, or belief to admit or deny this request. | |

Plaintiff fails to explain how Defendant Whitehead's response is insufficient. Defendant Whitehead, after a reasonable inquiry and review of the Crime/Incident Report concerning the August 23, 2006 incident, did not have sufficient knowledge to admit or deny the request. That is a sufficient response pursuant to Rule 36(a)(4). Accordingly, Plaintiff's motion to compel further response from Defendant Whitehead to Requests for Admission Nos. 1, 2, and 4 are denied.[3]

## II.   Motion To Compel - Production of Documents (Doc. 39)

Plaintiff moves to compel further response to his Requests for Production of Documents (POD) Nos. 1, 2, 3, 4, and 5 from Defendant Fambrough.

In responding to discovery requests, Defendants must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and

---

[3] Plaintiff lists a request for admission No. 5 in his motion to compel. However, no such request was propounded on Defendant Whitehead. The Court presumes this is an error.

quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

POD No. 1:   Any and all documents if written, created since August 23, 2006, that contain, mention, construe, or refer to any inspection inquiry, or complaint against Defendant Fambrough, whether, formal or unofficial, including, but not limited to inmates, staff and CDCR 602 appeals and responses to such documents prepared by Kern Valley State Prison or their agents.

Response:   Responding party objects to this request on the grounds it is overbroad in time and scope, is vague in its entirety, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, violates the privacy rights of responding party and third parties, and calls for the production of document protected from disclosure by California Code of Regulations, Title 15, sections 3321 and 3450. Without waiving any objection, other than Rules Violation Report Log No. FD-06-08-0135, Crime/Incident Report Log No. KVP-FDP-06-08-0388, and inmate grievance Log No. KVSP-0-06-2775, produced in Attachments 1 to 3, respectively, and this lawsuit, responding party has no other documents in his possession, custody, or control.

Plaintiff fails to explain why Defendant Fambrough's response was insufficient. As stated previously, the Court does not find that inmate appeals by other inmates regarding this

1 Defendant, filed *after* the incident at issue in this action, are reasonably calculated to lead to the
2 discovery of admissible evidence.  Defendant has produced the rules violation report,
3 crime/incident report, and inmate grievance pertaining to this incident.  Thus, Defendant
4 Fambrough's response is sufficient.  Plaintiff's motion to compel further response to POD No. 1
5 is denied.

POD No. 2:   Any and all CDCR 602 appeals, and inmates staff complaints that refer to or describe any disciplinary review, counseling memo, or personal inquiries by CDCR or their agents concerning inmates alleging physical abuse, use of excessive force, discrimination and unfair treatment against them by Defendant Fambrough at Kern Valley State Prison between January 1, 2005 to the present.

Response:   Responding party objects to this request on the grounds it is overbroad in time and scope, is vague in its entirety, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, violates the privacy rights of responding party and third parties, and calls for the production of document protected from disclosure by California Code of Regulations, Title 15, sections 3321 and 3450. Without waiving any objection, other than inmate grievance Log No. KVSP-0-06-2775 produced in Attachment 3, responding party has no other documents in his possession, custody, or control.

Plaintiff fails to explain how Defendant Fambrough's response was insufficient.  Plaintiff requests a broad period of time, January 1, 2005 to present.  As stated previously, incidents after the events at issue in this action are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant produced the rules violation report, crime/incident report, and inmate grievance pertaining to this incident.[4]  Defendant Fambrough's response is sufficient. Plaintiff's motion to compel further response to POD No. 2 is denied.

POD No. 3:   Any and all documents, including, but not limited to, training manuals, guidelines, reports, or internal memoranda, concerning the standard operational procedures and protocols in place at Kern Valley State Prison at the time of the incident as related to CDCR use of force policy and policy escorting inmates in handcuffs.

Response:   Responding party objects to this request on the grounds it is overbroad, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of document protected from disclosure by the official information-records privilege and California Code of Regulations, Title 15, section 3321. Without waiving any objection, responding party produces California Code Regulations, Title 15, sections 3268 and 3268.2 (current and

---

[4] Defendant also denied ever being reprimanded for his behavior or attitude towards inmates. *See* Pl.'s Mot. Compel, Ex. 4, Resp. To Req. For Admis. No. 6, Doc. 38. Thus, it appears that there exists no documents which are responsive to Plaintiff's request.  The Court reminds Defendants that they are under a continuing obligation to supplement their discovery responses.  *See* Fed. R. Civ. P. 37(c).

version in effect in August 2006) in Attachment 4, and Department Operations Manual, Chapter 5, Article 3, sections 52050.10.1 to 52050.13, and 52050.23.4 in Attachment 5; these are the only documents in his possession, custody, or control.

Plaintiff again fails to explain how Defendant Fambrough's response was insufficient. Defendant Fambrough produced responsive documents from the California Code of Regulations and the Department Operations Manual. Plaintiff's motion to compel further response to POD No. 3 is denied.

POD No. 4: Any and all documents in the possession of California Department of Corrections and Kern Valley State Prison which bear on the credibility of Defendant Fambrough, or which relate to criminal or other internal administrative or personnel investigations pertaining to him, including, but not limited to investigative materials, witness statements and, the disposition regarding complaint investigations that included sustained allegations that Defendant Fambrough used excessive force on inmates or unfair treatment.

Response: Responding party objects to this request on the grounds it is overbroad in time and scope, is vague in its entirety, lacks foundation, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, violates the privacy rights of responding party and third parties, calls for the production of document protected from disclosure by California Code of Regulations, Title 15, sections 3321 and 3450, and seeks documents in the possession of third parties rather than responding party. Without waiving any objection and limiting the response to documents in the possession, custody, or control of responding party, other than inmate grievance Log No. KVSP-O-06-2775 produced here in Attachment 3 and this lawsuit, responding party has no other documents in his possession, custody, or control.

Again, Plaintiff fails to explain how Defendant Fambrough's response was insufficient. Defendant Fambrough had denied ever being disciplined for his conduct regarding inmates, which indicates that no other responsive documents exist. Thus, Plaintiff's motion to compel further response to POD No. 4 is denied.

POD No. 5: Locate, furnish, and provide prison address for Inmate Broussard, C78707, Chambliss, V94319, Slade, E04858, and Whitney, J64958, in which will allow plaintiff to correspond with them for the purpose of obtaining their declarations for summary judgment.

Response: Responding party objects to this request on the grounds it fails to specify with reasonably particularity the documents sought, violates Federal Rule of Civil Procedure 34(b)(1), and is an improper request because it seeks information rather than documents. Without waiving any objection, responding party does not have any document in his possession, custody, or control that shows the current location of these inmates.

Defendant contends that Plaintiff's request should have been propounded as an interrogatory, and that Defendant does not have a document which contains the current location of the listed

7

1  inmates. Defendant nonetheless located the inmates in their opposition to Plaintiff's motion to
2  compel. Broussard is at California State Prison-Corcoran; Chambliss is at Salinas Valley State
3  Prison; Slade is at Kern Valley State Prison; and Whitney is at Centinela State Prison. Thus,
4  Plaintiff's POD No. 5 is denied as moot.

**III.     Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions to compel, filed December 28, 2010, are denied.

IT IS SO ORDERED.

Dated:   **April 18, 2011**                      **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE