IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAWAYNE FAMBROUGH, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No. 1:09-cv-00573 JLT (PC)<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION FOR<br>ATTENDANCE OF INCARCERATED<br>WITNESSES<br><br>(Doc. 64) |

　　　　Plaintiff Thornell Brown is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In this action, plaintiff claims that Defendants Jawayne Fambrough, Jackson Copeland, V. Yates, Stephaine Amoako, Jerome Peacock, and John Whitehead violated his rights protected by the Eighth Amendment.

　　　　Pending before the Court is Plaintiff's motion for the attendance of incarcerated witnesses at trial. (Doc. 64) Defendant has opposed this motion. (Doc. 68 )

**I.　　Analysis**

　　　　On November 8, 2011, the Court issued its Second Scheduling Order. (Doc. 61) This order set forth the requirements for the parties to obtain the attendance of incarcerated witnesses. As to incarcerated witnesses who agree to testify, in the motion seeking the witnesses' attendance

1

at trial, the moving party was required to demonstrate that the witness had first hand knowledge of the events and is willing to testify. Id. at 2-3. A detailed declaration is required to demonstrate both issues. Id. The same requirements apply for incarcerated witness who have not agreed to testify voluntarily except that the moving party is required to detail this refusal. Id.

Plaintiff's operative motion requested the attendance of 7 incarcerated witnesses. (Doc. 64) Of these, the Court cannot locate inmate Isaiah Trammel in custody. Therefore, as to this witness, the motion for his attendance at trial is **DENIED**.

In addition, Plaintiff identifies inmate Dante Youngblood as a prospective witness. (Doc. 64 at 15) There is no showing that this witness has any personal knowledge of the events on August 23, 2006 but with this testimony, Plaintiff would seek to present only evidence of Defendant Fambrough's character. In essence, Plaintiff asserts that Dante Youngblood would testify that Defendant Fambrough used excessive force on Youngblood at some time in the past. Toward this end, the Court has not been provided any analysis that would allow this character evidence to be presented under F.R.E. 404(a) or (b). Thus, the motion for his attendance of this inmate-witness at trial is **DENIED**.

Likewise, Plaintiff requests Calvin Lane be permitted to attend trial to give testimony. (Doc. 64 at 14-15) Plaintiff contends that Lane was present on the yard at the time of the event and saw Defendants Fambrough and Garcia escorting Plaintiff in a "violent manner." Id. Exactly what Lane saw or heard is not explained. Likewise, there is no indication what occurred that, from Lane's perspective, appeared to be "violent." Plaintiff's description of Mr. Lane's testimony fails to comply with the requirements for obtaining the attendance of incarcerated witnesses. (Doc. 61 at 3) ("Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred."). Therefore, the request for inmate Lane to be present at trial is **DENIED**.

Finally, Plaintiff requests the attendance of inmate-witnesses Bernhardt Chambliss, Darren Whitney, Curley John Broussard and Sean Slade. (Doc. 64 at 10-14) Plaintiff attests that each of these witnesses saw and/or heard the events at issue and were in a position to hear and/or

see the events.  Therefore, Plaintiff has made the requisite showing that the witnesses have personal knowledge of the events.  Nevertheless, Defendants argue that these witnesses will testify differently from the account they gave on the day of the event.  (Doc. 68 at 2) They provide an incident report prepared after the event in which statements by these prospective witnesses are reported.  Id. at 6.  Notably, the report is not made under penalty of perjury nor is there any attestation that the statements set forth therein are accurate, what mode of recordation, if any, was used or any other demonstration of the reliability of the report.  Indeed, there is no showing, even, that the statements attributed to the prospective witnesses were given under oath.  Because the Court cannot now determine whether Plaintiff's description of these witnesses testimomy should be believed or whether Defendants' account should be believed, the witnesses will be permitted to testify and it will be for the jury to decide–as they will which each witness– whether they are being truthful. Therefore, the request for inmates Chambliss, Whitney, Broussard and Slade to be present at trial is **GRANTED**.

**ORDER**

For the reasons set forth above, the Court hereby **ORDERS:**

1. The motion for the attendance of incarcerated witnesses Bernhardt Chambliss, Darren Whitney, Curley John Broussard and Sean Slade is **GRANTED**;
2. The motion for the attendance of Dante Youngblood and Isaiah Trammel is **DENIED**.

IT IS SO ORDERED.

Dated:  **March 19, 2012**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE