UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>  Plaintiff,<br><br>  vs.<br><br>JAWAYNE FAMBROUGH, et al.,<br><br>  Defendant. | Case No.: 1:09-cv-00573 JLT<br><br>ORDER ON PLAINITFF'S MOTION IN LIMINE<br><br>(Docs. 94)<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE<br><br>(Doc. 93) |

Before the Court are the motions in limine filed by Plaintiff (Doc. 94) and Defendants (Doc. 93).

**I.   Plaintiff's motion in limine to exclude evidence of his felony conviction**

Plaintiff moves the Court for an order excluding evidence that he suffered a felony conviction. (Doc. 94) Whether such a conviction will be admitted is governed by Federal Rules of Evidence 609(a), which provides in relevant part,

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1)   for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>   (A)   must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .

1

However, generally, a conviction will not be admitted if more than 10 years have passed since the time the witness was released from confinement on the charge. However, the 10-year presumptive bar does not apply if the witness remains in custody for the charge at issue. Nevertheless, in either situation, the conviction may not be admitted if its probative value is outweighed by its prejudicial effect. F.R.E. 609(b).

Here, Plaintiff asserts that he has been incarcerated since February 28, 2000 and that he continues to be in custody for this felony conviction. (Doc. 94 at 2) Defendants' contend that Plaintiff was in prison in August 2006 but that he was convicted in 2010 for a battery resulting in serious bodily injury—for which he is currently incarcerated. (Doc. 96 at 1-2) Defendants do not seek to introduce Plaintiff's other felony convictions or those that are over ten years old. Moreover, Defendants have clarified that they do not intend to offer evidence concerning the circumstances of the 2010 crime but will introduce evidence only of the length of his incarceration and name of his crime. (Doc. 67 at 11)

Plaintiff argues that if the jury learns that he is in prison, he will be unduly prejudiced. However, the very nature of Plaintiff's claims—that he suffered excessive force *in violation of the Eighth* Amendment –require Plaintiff prove that he was in prison at that the time of the events. Indeed, Plaintiff's failure to prove that he was a convicted prisoner at the time of the event would preclude a finding that he was protected by the Eighth Amendment. On the other hand, Defendants contend—and the Court agrees—that the credibility of all of the parties and the witnesses is a weighty issue in this case. Thus, the Court does not find that the prejudicial effect posed by Plaintiff's 2010 conviction, outweighs its probative value.

Therefore, Plaintiff's motion (Doc. 94) is **GRANTED IN PART**. Plaintiff's felony convictions that are over 10 years old will not be admitted. However, Defendants' motion in limine #7 (Doc. 93 at 7-8) to admit Plaintiff's 2010 felony conviction, including the date of the conviction, the crime charged and the sentence is **GRANTED**.[1]

///

---

[1] Likewise, the Court **GRANTS** Defendants' motion in limine #7 to admit this same evidence as to any testifying witness. (Doc. 93 at 7-8)

2

**II.     Defendants' motion in limine to preclude Plaintiff from offering medical opinions**

Defendants move the Court for an order in limine precluding Plaintiff from introducing medical opinion evidence in his testimony. (Doc. 93 at 2) In particular, Defendants argue that Plaintiff should not be permitted to testify as to his "diagnosis prognosis, opinions, inferences, or causation of his alleged injuries." Id. Defendants have no objection to Plaintiff testifying "as to what he experienced as a result of the incident on August 23, 2006, what he did in response to those physical symptoms, and what he communicated to his doctors." Id.

Under the Federal Rules of Civil Procedure 702, a person is permitted to testify as to "scientific, technical or other specialized" information if the witness is "qualified as an expert by knowledge, skill, experience, training or education" and the testimony is based upon sufficient facts or data, the testimony is based upon reliable analysis and the witness applies this reliable analysis to the data.

The Court has not been informed that Plaintiff has any medical expertise. Thus, Plaintiff will not be permitted to offer any medical opinion or to report what any medical professionals told him about his condition. However, Plaintiff may testify about his own perceptions of what he felt when the injury occurred and how it feels now, how his physical condition impacts his life and as to any other information that is within his own personal knowledge based upon his own perceptions. Likewise, if relevant, he may cross-examine any testifying medical expert about Plaintiff's condition but he is not personally permitted to testify as to any scientific conclusions regarding his medical condition. Therefore, Defendants' motion in limine #1 is **GRANTED**.

**III.    Defendants' motion in limine to preclude Plaintiff from offering irrelevant evidence**

Defendants move the Court for an order precluding Plaintiff from presenting evidence about "claims or events and Defendants that the Court already dismissed." (Doc. 93 at 3) Defendants argue that such evidence is irrelevant and, as such, is not admissible under Federal Rules of Evidence 401.

The Court agrees. Plaintiff will not be permitted to introduce evidence that is irrelevant to his claims against the current Defendants. Evidence that the CDCR or KVSP has improper policies or practices—such as delaying medical attention--or that Plaintiff was involved in other incidents with other CDCR staff is not relevant. However, the Court cannot say, at this time, that the strip search

3

policy is not relevant.  Plaintiff complains of being subject to a "body search" and that his response to the manner in which this search was conducted by Officer Garcia is what instigated the claimed incidence of excessive force.  With the limited information now before the Court, it cannot issue an order precluding the introduction of this evidence at this time.  However, should Plaintiff seek to admit this evidence, he SHALL first raise the admissibility of this information outside of the presence of the jury.  Therefore, Defendants' motion in limine #2 is **GRANTED IN PART**.

**IV.    Defendants' motion in limine to preclude Plaintiff from offering character evidence**

Defendants move the Court for an order precluding Plaintiff from offering character evidence in the nature of other litigation or other claimed incidents of excessive force.

Federal Rules of Evidence 404(a) precludes a party form introducing evidence of a person's character for the purpose of proving he acted in conformity with that characteristic on the occasion at issue.  Moreover, evidence of other events may not be introduced to prove the person acted in conformity with his bad character trait on a particular occasion. Fed. R. Evid. 404(b)(1).  Instead, this type of evidence may be admitted only for a different purpose including, "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Id.

Here, Plaintiff has made no showing that evidence that the Defendants, or some of them, have been involved in other litigation or in other incidents of force meets the foundational requirement outlined by Fed. R. Evid. 404(b)(1).  Therefore, Defendants motion in limine #3 is **GRANTED** without prejudice to Plaintiff raising this issue as to particular pieces of evidence <u>outside of the presence of the jury</u>.

**V.    Defendants' motion in limine to preclude Plaintiff from offering evidence of the "Green Wall"**

Defendants seek an order preventing Plaintiff from presenting evidence of the "Green Wall." (Doc. 93 at 5)  Defendants believe that Plaintiff will seek to introduce evidence that the Green Wall is a prison-guard gang-like group.  Apparently, the purpose for this evidence is to demonstrate that correctional officers generally and the Defendants specifically, are bad people.  For the same reasons set forth above, this character evidence is not admissible.  Thus, Defendants' motion in limine #4 is **GRANTED**.

4

**VI.   Defendants' motion in limine to preclude Plaintiff from offering evidence of offers to compromise**

Defendants anticipate the Plaintiff may attempt to present evidence of offers to compromise or statements made during settlement discussions. Defendants are correct that this evidence is not admissible. Fed. R. Evid. 408. Therefore, Defendants' motion in limine #5 is **GRANTED**.

**VII.   Defendants' motion in limine to preclude Plaintiff from offering evidence that the State of California may pay a judgment issued against the Defendants**

California Government Code section 825 requires the State of California to indemnify its employees, at their request, in litigation arising from the course and scope of the employment. However, the evidence of this indemnity provision is irrelevant to the questions presented at trial. It does not provide any information as to what happened during the incident at issue nor does it address the proper measure of damages. Moreover, this is not relevant to the question of punitive damages given that the State of California is not obligated to indemnify its employees for exemplary damages. Cal. Gov. Code. 825(a), (b). Therefore, Defendants' motion in limine #6 is **GRANTED**.

IT IS SO ORDERED.

Dated:   **July 18, 2012**                              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE