UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAWAYNE FAMBROUGH, et al.,<br><br>　　　　Defendant. | Case No.: 1:09-cv-00573 JLT (PC)<br><br>ORDER DISREGARDING WITNESS' MOTION<br><br>(Doc. 127). |

　　　Plaintiff Thornell Brown is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. His matter is currently set for trial on September 10, 2012.

　　　On August 29, 2012, one of the witnesses in this case, Curley John Broussard ("the witness"), filed a motion asking this Court to order Corcoran State Prison Warden Connie Gipson not to place the witness into the general population and to order the warden to "take action" against certain staff members, "associated with" Defendant Fambrough, who have allegedly been threatening and taking property from the witness.  (Doc. 127).

　　　It is unclear whether the alleged actions alleged by the witness relate to Thornell Brown's case or the witness' own case against Defendant Fambrough.  Regardless, the Court is not able to act on the witness' request for several reasons.  First, the Federal Rules of Civil Procedure explain that a request for a court order must be made by motion.  (F.R.C.P. 7).  Thus, the Court is not able to act on the request set forth in the witness' letter.  More importantly, even if the witness properly formatted his

1

letter as a motion, the Court does not have jurisdiction over Warden Gipson or any "unnamed associates" at Corcoran State Prison. Mr. Broussard is merely a witness; he is not a party to this case. Thus, he cannot use Mr. Brown's case to adjudicate his own legal matters. Furthermore, the Court cannot control where the California Department of Corrections chooses to house its inmates. The witness' motion is therefore DISREGARDED.

IT IS SO ORDERED.

Dated:   **September 6, 2012**                    /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE